RAWSON & MORRISON MFG. CO. v. C. W. HUNT CO.

(Circuit Court, S. D. New York. October 30, 1905.)

No. 8631.

PATENTS—VALIDITY OF REISSUE.

The Norris reissue patent, No. 12,085 (original No. 638,669), for a clutch mechanism, *held* void, as not authorized on account of any accident, inadvertence, or mistake in the original patent, and also because of laches in applying for the same.

In Equity. Suit for infringement of reissued letters patent No. 12,085 (original No. 638,669), for a clutch mechanism, granted to Almon E. Norris February 24, 1903.

Mastick & Jones and Emery, Booth & Powell (Frederick L. Emery and Charles S. Jones, of counsel), for complainant.

Redding, Kiddle & Greeley (Alfred W. Kiddle, of counsel), for defendant.

HOLT, District Judge. In my opinion, it appears on the face of the complaint:

1. That not only was there no inadvertence, accident, or mistake in omitting, in the original patent, the claims which are made in the reissued patent, but it affirmatively appears that the application originally filed contained substantially all the claims contained in the reissue and not contained in the original patent, and that those claims, during the prosecution of the application in the Patent Office, were voluntarily withdrawn by the complainant's solicitor.

2. That the new claims contained in the reissued patent were not inserted to correct any accident, inadvertence, or mistake in the first patent, but were simply new and broader claims inserted to meet the necessities of a particular contemplated suit.

3. That the period of two years and three months between the granting of the original patent and the application for a reissue constituted, under the circumstances of the case, such laches as to render the reissue invalid.

My conclusion is that the demurrer should be sustained; and, as this is the second demurrer, and the ground of the first demurrer was that it did not sufficiently appear on the face of the complaint that the reissue was valid, and the complaint was amended for the purpose of specifically meeting this objection, I think that, instead of the usual leave to amend upon terms, final judgment should be ordered for the defendant upon the demurrer, with costs.